

# DASTI, McGUCKIN, McNICHOLS, CONNORS, ANTHONY & BUCKLEY

| | | |
|---|---|---|
| Jerry J. Dasti † | A Professional Corporation | *Of Counsel* |
| Gregory P. McGuckin | Tax ID 22-3450668 | Charles E. Schlager, Jr. ‡ |
| Timothy J. McNichols ‡ | www.dmmlawfirm.com | George F. Murphy, Jr. π Ω |
| Martin J. Buckley | | Elizabeth Mackolin Dasti ‡ |
| Kelsey A. McGuckin-Anthony | 620 West Lacey Road | Robert E. Ulaky |
| Christopher J. Connors | Forked River, NJ 08731 | |
| Thomas E. Monahan π | | **Toms River Office:** |
| Patrick F. Varga | P 609-971-1010 | 506 Hooper Avenue |
| Joseph F. Mackolin, Jr. | F 609-971-7093 | Toms River, NJ 08753 |
| | | P 732-349-2446 |
| πCertified Civil Trial Attorney | Email Address:  pvarga@dmmlawfirm.com | F 732-349-1590 |
| †NJILGA Municipal Law Diplomate | | |
| ΩMember of NJ and FLA Bar | | **Sea Girt Office:** |
| ‡Member of NJ and PA Bar | | 2150 Highway 35, Suite 250 |
| | | Sea Girt, NJ 08750 |
| | | P 732-295-3000 |
| | | F 732-349-1590 |

May 28, 2025

<u>VIA ECF</u>
Honorable Zahid N. Quraishi, U.S.D.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

   RE:  Hannum v. Jackson Township et al
   Docket No.: 3:25-CV-02987-ZNQ-TJB

Dear Judge Quraishi:

  On behalf of the Defendant, Gregory P. McGuckin, Esq., we write to Your Honor's Individual Rule to request a pre-motion conference regarding, and permission to file, the Defendants' motion to dismiss the Complaint by the Plaintiff, Elenor Hannum("Plaintiffs") (ECF NO. 1). The basis of the Motion will be grounded in Fed. R. Civ. Pro. 12(b)(6) and Fed. R. Civ. Pro. 8.

   **I.**  <u>**Plaintiff's Complaint is frivolous and fails to state a claim against Defendant Mr. McGuckin.**</u>

  The Complaint asserts Mr. McGuckin is Township Attorney and then falsely claims he is a "policymaker over Jackson Township Council Proceedings."(See ECF No. 1 ¶9[1]). Even though he is an appointed employee as codified by §3-89 of the Township Code. §3-89 demonstrates that he has no policy making authority over the Township Council. In fact, Jackson Township is a Faulkner Act Municipality governed by a mayor-council form of government. <u>N.J.S.A.</u> 40:69A-32 et seq. Under this form of government, the Mayor serves as the Chief executive officer responsible for the administration and executive functions of the municipality, while the Council holds legislative and investigative powers. <u>Id.</u> Jackson Township, consistent with this form of government, codified Chapter 3, Article I of its Township Code, outlining the powers of the Township Council, and specifically the duties of the President of the Council. Similarly codified is Chapter 3, Article II listing the powers of the

---

[1] All citations to paragraphs refer to matching paragraph as alleged by Plaintiff's complaint.

***PROUDLY SERVING OUR CLIENTS AND THE COMMUNITY FOR OVER 40 YEARS***

Mayor. Absent from these chapters are any policy making authority vested in Mr. McGuckin as the Township Attorney. This bold allegation is therefore frivolous and without basis in either law or fact.

Even more irreconcilable with Plaintiff's causes of action are the actual allegations in the complaint against Mr. McGuckin. As you know the focus of the complaint are the alleged actions of Council President Kuhn. Council President Kuhn, consistent with Section 3-6 of the Township Code, presides over the meeting, directs questions, decides all questions of order, and preserves order and decorum at all meetings of the Council. Within the Complaint, Plaintiff asserts that Council President Kuhn directed the Town Attorney to respond to Sgt. Rodriguez' demand for information pertaining to wrongful death settlement. ECF No. 1 ¶¶21-23. Thereafter, Plaintiff was allowed to speak as to Ordinance 06-24, alleging it was advanced pursuant to a political agenda, and that Council President Kuhn had a financial conflict of interest. Id. ¶¶24-31. Plaintiff further asserts that she expressed concern about Council President Kuhn's conflict of interest on Ordinance 06-24 pertaining to an alleged romantic relationship with P.B.A. Union President Jeff Henba. Id. ¶32. Because of this allegation by Ms. Hannum, it is alleged that Council President Kuhn, and not Mr. McGuckin, declared Ms. Hannum out of order and asked her to be removed from the meeting. Id. ¶33-35. It is only alleged that Mr. McGuckin did nothing, and did not intervene. Id. ¶41.

Thereafter, plaintiff addresses the alleged events at the February 27, 2025, meeting. Id. ¶48. At this time, Plaintiff asserts she again raised various conflict of interest issues as to Township Councilman Burnstein. Id. ¶¶48-53. Plaintiff then asserts, the Council President Kuhn interrupted her and thereafter declared her out of order. Id. ¶¶53-54. Again, Plaintiff concedes that Mr. McGuckin did nothing. Id. ¶58. Plaintiff's complaint continues to her comments on Ordinance 05-2025, she concedes that no action was performed by Mr. McGuckin to limit her ability to speak. Id. ¶¶59-66. Finally, during the Public Comment period, Plaintiff alleges that she revisited her removal from the Township meeting a year earlier, and in response to which acknowledges that Council President Kuhn spoke to the public and requested the public be "respectful." Id. ¶¶68-69. Again, there is no factual allegation that Mr. McGuckin performed any affirmative act to limit her First Amendment Right.

Despite these concessions, the only cause of action that vaguely references Mr. McGuckin is contained within Count Two. Therein, Plaintiff asserts that Plaintiff was unlawfully removed from the Council meeting in violation of her First Amendment Rights, and as to Mr. McGuckin, that "[he] did not speak up to defend Plaintiff's free speech rights or prevent her removal because they disagreed with Plaintiff's point of view." Id. ¶40.

The remaining counts are barren of any factual allegation of unlawful conduct by Mr. McGuckin.

Accordingly, it is well settled within the Third Circuit an affirmative act by a public official is required to violate individual First Amendment Right, and simply urging, influencing, or directing a third party to act is insufficient as a matter of law. See Phillips v. County of Allegheny, 515 F.3d. 224 (3d Cir. 2008)(Requiring an affirmative act to violate an individuals constitutional rights); Bright v. Westermoreland County, 443 F.3d. 276 (3d Cir. 2006) (Same); B.W. v. Career Tech. Ctr. Of Lackawanna Cty., 422 F.Supp. 3d 859 (M.D. Pa. 2019 (same); Bridges v. Scranton School District, 66 F.Supp. 3D 570 (M.D., Pa. 2014); R.C. Maxwell Co. v. Borough of New Hope, 735 F.2d 85 (3d Cir. 1984); McLaughlin v. Watson, 271 F.3d 566 (3d Cir. 2001); Noonan v. Kane, 305 F.Supp. 3D 587 (E.D. Pa 2018); Zaloga v. Borough of Moosic, 841 F.3d. 170 (3dCir. 2016); Horizon Health Center v. Felicissimo, 263 N.J.Super. 200 (App. Div. 1993).

Zaloga, is particularly instructive on this matter, because there, it was alleged that an attorney had acted administratively to influence the Pennsylvania Attorney General's adverse employment-related actions against the Plaintiff for his First Amendment Protected activities. Id. at 176. The Court relying upon McLaughlin, held

> When a pubic official is sued for allegedly causing a third party to take some type of adverse action against plaintiff's speech, we have held that defendant's conduct *must be of a particularly virulent character*. It is not enough that defendant speaks critically of plaintiff or even that defendant directly urges or influences the third party to take adverse action. Rather, *defendant must "threaten" or "coerce" the third party to act*.

[Id.; see also, McLaughlin, *supra* at 573]. Without such coercive and threatening conduct, liability cannot be attached under the First Amendment.

At best, Plaintiff's Complaint can be perceived to assert that Mr. McGuckin, by doing nothing, implicitly condoned the removal of the Plaintiff. However, as explained above, an affirmative act is required to violate individual Constitutional Rights, and here it is conceded that Mr. McGuckin did nothing. That aside, assuming Plaintiff intended to assert in the alternative that Council President Kuhn was instructed by Mr. McGuckin to declare Plaintiff out of order and be removed from the meeting, liability would only attach if action was of a particularly virulent character, meaning he threatened or coerced the third party to perform the retaliatory action. There are no facts asserted as to Mr. McGuckin that are pled, or that exist; to establish he threated the Council President or coerced the Council President to remove Ms. Hannum.

Consequently, the Complaint is frivolous and is subject to dismissal pursuant to Fed. R. Civ. Pro. 12(b)(6) and Fed. R. Civ. Pro. 8.

Furthermore, Count Seven of the Complaint is a standalone cause of action for Attorney Fees pursuant to 42 U.S.C. §1988. However, it is well settled in by the U.S. Supreme Court, the Third Circuit and the District Court for the State of New Jersey that 42 U.S.C. §1988 does not offer a standalone cause of action and is to be read in *pari materia* with 42 U.S.C. §1983. See Moor v. Alameda County, 411 U.S. 693, 702 (1973) ("Rather, as is plain on the face of the statute, the section is intended to complement the various acts which do create federal causes of action for the violation of federal civil rights."); Latino Project, Inc. v. City o/Camden, 701 F.2d 262,264 (3rd Cir. 1983) Mollo v. Passaic Valley Sewerage Comm 'rs, 2009 WL 5216976, at *7 (D.N.J. Dec. 30, 2009); Russo v. Atlantic City, 2016 WL 1463845, at *9 (D.N.J. Apr.14, 2016).

## II.     Plaintiff's Complaint Violates Fed. R. Civ. Pro. 8 as to all Counts.

At its most basic, to satisfy the pleading requirements of Fed. R. Civ. P. 8, a plaintiff need only assert "a short and plain statement of claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Accordingly, Rule 8 imposes "minimal burdens on the plaintiff at the pleading stage." Frazier v. Se. Pa. Transp. Auth., 785 F.2d 65, 67 (3d Cir. 1986), *abrogated on other grounds by* Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit, 507 U.S. (1993). Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Fundamentally, Rule 8 requires that a complaint provide fair notice of "what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp. *supra* at 555).

Hannum v. Jackson Township et al
Docket No.: 3:25-CV-02987-ZNQ-TJB
Page **4** of **4**

   To satisfy the notice pleading rule, a complaint must make a showing sufficient to justify moving past the pleading stage. Phillips, supra., at 234–235. The claim must have "facial plausibility," which means that the "plaintiff [must] plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, supra. at 678. Conclusory allegations of liability are insufficient. See id. at 678–79 ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). Rule 8 thus requires that the pleading "possess enough heft" to demonstrate an entitlement to relief. Twombly, 550 U.S. at 557.

   Plaintiffs' complaint, as to the Defendant Mr. McGuckin, is an example of impermissible group pleadings, wherein they allege only legal conclusions which do not pass scrutiny under Fed. R. Civ. Pro 8.

   Based off the foregoing, Defendants respectfully request a pre-motion conference and the opportunity to file its Motion to Dismiss pursuant to Fed. R. Civ. Pro. §§8, and 12(b)(6).

            Respectfully submitted

             */s/ Patrick F. Varga*
             PATRICK F. VARGA
             For the Firm