**DASTI, McGUCKIN, McNICHOLS CONNORS, ANTHONY & BUCKLEY**
PATRICK F. VARGA, ESQ., ID# 306502020
620 West Lacey Road
Forked River, New Jersey 08731
(609) 971-1010  FAX (609) 971-7093
Attorneys for **Defendant, Jackson Township Attorney Gregory McGuckin**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ELENOR HANNUM,<br><br>                    Plaintiff,<br><br>vs.<br><br>JACKSON TOWNSHIP, JACKSON TOWNSHIP COUNCIL, JACKSON TOWNSHIP COUNCIL PRESIDENT JENNIFER KUHN, JACKSON TOWNSHIP ATTORNEY GREGORY MCGUCKIN,<br><br>                    Defendants. | CIVIL ACTION NO.: 3:25-cv-02987<br><br>**NOTICE OF MOTION TO DISMISS WITH PREJUDICE** |

**DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS**

Of Counsel:
Thomas E. Monahan, Esquire
On Brief:
Patrick F. Varga, Esquire

DASTI, McGUCKIN,
McNICHOLS, CONNORS,
ANTHONY & BUCKLEY

COUNSELLORS AT LAW

620 WEST LACEY ROAD
FORKED RIVER, N.J. 08731

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................. i

TABLE OF AUTHORITIES ..................................................................................... ii

PROCEDURAL HISTORY ....................................................................................... 1

STATEMENT OF FACTS ......................................................................................... 2

STANDARD REVIEW ............................................................................................. 4

LEGAL ARGUMENT .............................................................................................. 6

POINT ONE

        PLAINTIFF'S COMPLAINT CONCEDES THAT MR. McGUCKIN PERFORMED NO AFFIRMATIVE ACT TO VIOLATE PLAINTIFF'S FIRST AMENDMENT RIGHTS. (All Counts)...................................................... 6

POINT TWO

        PLAINTIFFS' COMPLAINT FAILS TO SET FORTH A SHORT PLAIN STATEMENT TO DEMONSTRATE A PLAUSIBLE BASIS FOR THEIR REQUESTED RELIEF AGAINST DEFENDANT GREGORY P. McGUCKIN, ESQ. (All Counts). ........................ 8

POINT THREE

        42 U.S.C. 1988 IS NOT PERMITTED AS A STAND ALONE CAUSE OF ACTION .......................................................... 10

POINT FOUR

        DEFENDANT GREGORY McGUCKIN IS ENTITLED TO ATTORNEYS FEES AND COSTS OF SUIT ...................................... 11

CONCLUSION ........................................................................................................ 12

**DASTI, McGUCKIN,
McNICHOLS, CONNORS,
ANTHONY & BUCKLEY**

COUNSELLORS AT LAW

620 WEST LACEY ROAD
FORKED RIVER, N.J. 08731

# TABLE OF AUTHORITIES

## **CASES**

Ashcroft v. Iqbal,
    556 U.S. 662, 678 (2009) .................................................................................................. 4

B.W. v. Career Tech. Ctr. Of Lackawanna Cty.,
    422 F.Supp. 3d 859 (M.D. Pa. 2019 (same) ..................................................................... 6

Bell Atl. Corp. v. Twombly,
    550 U.S. 544, 556 (2007) .................................................................................................. 4

Belmont v. MB Inv. Partners, Inc.,
    708 F.3d 470, 483 n. 17 (3d Cir. 2012) ............................................................................ 5

Bistrian v. Levi,
    696 F.3d 352, 356 (3d Cir. 2012) ..................................................................................... 4

Bridges v. Scranton School District,
    66 F.Supp. 3D 570 (M.D., Pa. 2014) ................................................................................ 6

Bright v. Westmoreland County,
    443 F.3d. 276 (3d Cir. 2006) ............................................................................................ 6

Brown v. General Motor Corp.,
    722 F.2d 1009, 1013 (2d Cir. 1983) ............................................................................... 10

Christiansburg Garment Co. v. EEOC,
    434 U.S. 412, 421 (1978) ................................................................................................ 11

Conley v. Gibson,
    355 U.S. 41, 47 (1957) ..................................................................................................... 4

Erickson v. Pardus,
    551 U.S. 89, 93 (2007) ..................................................................................................... 8

Fowley v. UPMS Shady side,
    578 F.3d 203, 210 (3d Cir. 2009) ..................................................................................... 5

Fox v. Vice,
    563 U.S. 826, 836 (2011) ............................................................................................... 11

Frazier v. Se. Pa. Transp. Auth.,
    785 F.2d 65, 67 (3d Cir. 1986) ......................................................................................... 8

DASTI, McGUCKIN,
McNICHOLS, CONNORS,
ANTHONY & BUCKLEY

COUNSELLORS AT LAW

620 WEST LACEY ROAD
FORKED RIVER, N.J. 08731

Garrett v. Wexford Health,
    938 F.3d 69, 92 (3d Cir. 2019), cert. denied, 140 S. Ct. 1611 (2020) .............................. 8

Holt v. Baker,
    710 F. App'x 422, 424 (11th Cir. 2017) ........................................................................ 10

Horizon Health Center v. Felicissimo,
    263 N.J.Super. 200 (App. Div. 1993) ............................................................................. 6

In Re Westinghouse Sec. Litig.,
    90 F.3d 696, 702 (3d Cir. 1996) ..................................................................................... 8

Kamdem-Ouaffo v. Huczko,
    810 F.App'x 82, 84 (3d Cir. 2020) .................................................................................. 8

Latino Project, Inc. v. City o/Camden,
    701 F.2d 262, 264 (3rd Cir. 1983) ................................................................................ 10

Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit,
    507 U.S. (1993) .............................................................................................................. 8

Lynch v. City of Milwaukee,
    747 F.2d 423, 430 (7th Cir. 1984) ................................................................................ 10

McLaughlin v. Watson,
    271 F.3d. 566 (3d Cir. 2001) .......................................................................................... 6

Mollo v. Passaic Valley Sewerage Comm'rs,
    2009 WL 5216976, at *7 (D.N.J. Dec. 30, 2009) ......................................................... 10

Moor v. Alameda County,
    411 U.S. 693, 702 (1973) ............................................................................................. 10

Noonan v. Kane,
    305 F.Supp. 3D 587 (E.D. Pa 2018) ............................................................................... 6

Philips v. Cnty. Of Allegheny,
    515 F.3d 224, 234 (3d Cir. 2008) ................................................................................... 5

Phillips v. County of Allegheny,
    515 F.3d. 224 (3d Cir. 2008) .......................................................................................... 6

R.C. Maxwell Co. v, Borough of New Hope,
    735 F.2d 85 (3d Cir. 1984) ............................................................................................. 6

Ranko v. Saudino,
    15-8483, 2016 WL 1529835, at *2 (D.N.J. Apr. 15, 2016) ............................................ 5

DASTI, McGUCKIN,
McNICHOLS, CONNORS,
ANTHONY & BUCKLEY

COUNSELLORS AT LAW

620 WEST LACEY ROAD
FORKED RIVER, N.J. 08731

iii

Russo v. Atlantic City,
    2016 WL 1463845, at *9 (D.N.J. Apr.14, 2016) .............................................................. 10

Singer v. Nevada ex rel. Dep't of Transp.,
    2011 WL 1627117, at *1 n.2 (D. Nev. Apr. 27,2011)..10

Skinner v. Switzer,
    562 U.S. 521, 529-30 (2011) ........................................................................................... 5

Villegas v. Galloway,
    458 F. App'x 334, 338 (5th Cir. 2012) ......................................................................... 10

W. Penn Allegheny Health Sys., Inc. v. UPMC,
    627 F.3d 85, 98 (3d Cir. 2010) ........................................................................................ 9

Zaloga v. Borough of Moosic,
    841 F.3d. 170 (3dCir. 2016) ........................................................................................... 6

## FEDERAL COURT RULES

Fed. R. Civ. P 8(a)(2) ............................................................................................................. 4, 8
Fed. R. Civ. P. 8 ........................................................................................................................ 8
Fed. R. Civ. P. 8(d)(1) ............................................................................................................... 8
Fed. R. Civ. Pro. 11 .............................................................................................................. 7, 12
Fed. R. Civ. P. 12(b)(6) ......................................................................................................... 4, 7

## FEDERAL STATUTES

42 U.S.C. § 1988 ............................................................................................................... 10, 11
42 U.S.C § 1988(b) .................................................................................................................. 11

DASTI, McGUCKIN,
McNICHOLS, CONNORS,
ANTHONY & BUCKLEY

COUNSELLORS AT LAW

620 WEST LACEY ROAD
FORKED RIVER, N.J. 08731

## PROCEDURAL HISTORY

1. Plaintiffs filed this Complaint on April 22, 2025. (ECF Doc. 1).

2. On May 20, 2025 this office, on behalf of Gregory P. McGuckin, Esq. pursuant to Fed.R. Civ. Pro. 11, served on Plaintiff's counsel a frivolous litigation letter which mirrored the contents of the Defendant's letter to the Court requesting a pre-motion conference and leave to file the instant Motion to Dismiss.

3. On May 20, 2025, the Defendant, Gregory P. McGuckin, Esq., filed an application for Clerk's order to extend time to file an answer or otherwise respond to the complaint. (ECF Doc. 4-5).

4. On May 28, 2025 the Defendant, consistent with the Court's judicial conference, filed a request for a pre-motion conference and leave to file a Motion to Dismiss. (ECF Doc. 6).

5. On June 3, 2025 Plaintiff filed a response to Defendant's letter request. (ECF Doc. 7).

6. On June 4, 2025 the Court entered a Text Order waiving the pre-motion conference and instructing the Defendant Gregory P. McGuckin, Esq., to file his motion to dismiss, limited to the arguments raised in his May 28, 2025 correspondence by June 13, 2025 to be made returnable July 7, 2025.

**DASTI, McGUCKIN,
McNICHOLS, CONNORS,
ANTHONY & BUCKLEY**

COUNSELLORS AT LAW

506 HOOPER AVENUE
TOMS RIVER, N.J. 08753

## STATEMENT OF FACTS

1. The Complaint asserts Mr. McGuckin is the Township Attorney and then falsely claims he is a "policymaker over Jackson Township Council Proceedings."(See ECF No. 1 ¶9).

2. Mr. McGuckin however, is an appointed employee as codified by §3-89 of the Township Code. (Certification of Patrick F. Varga, Esq., "Varga Cert. **Exhibit A**").

3. Jackson Township is a Faulkner Act Municipality governed by a mayor-council form of government.

4. Jackson Township, consistent with this form of government, codified Chapter 3, Article I of its Township Code, outlining the powers of the Township Council, and specifically the duties of the President of the Council. (Varga Cert. **Exhibit B**).

5. Similarly codified is Chapter 3, Article II lists the powers of the Mayor. **(**Varga Cert. **Exhibit C**).

6. Section 3-6 of the Township Code, instructs that Council President Kuhn presides over the meeting, directs, questions, decides all questions of order, and preserves order and decorum at all meetings of the Council. (Varga Cert. **Exhibit B**).

7. Plaintiff asserts that Council President Kuhn directed the Town Attorney to respond to Sgt. Rodriguez' demand for information pertaining to wrongful death settlement. ECF No. 1 ¶¶21-23.

8. Thereafter, Plaintiff was allowed to speak as to Ordinance 06-24, alleging it was advanced pursuant to a political agenda, and that Council President Kuhn had a financial conflict of interest. ECF No. 1 ¶¶24-31.

9. Plaintiff further asserts that she expressed concern about Council President Kuhn's conflict of interest on Ordinance 06-24 pertaining to an alleged romantic relationship with P.B.A. Union President Jeff Henba. ECF No. 1 ¶32.

10. Because of this allegation by Ms. Hannum, it is alleged that Council President Kuhn, and not Mr. McGuckin, declared Ms. Hannum out of order and asked her to be removed from the meeting. ECF No. 1 ¶33-35.

11. It is only alleged that Mr. McGuckin did nothing, and did not intervene. ECF No. 1 ¶41.

12. Thereafter, plaintiff addresses the alleged events at the February 27, 2025, meeting. ECF No. 1 ¶48.

13. At this time, Plaintiff asserts she again raised various conflict of interest issues as to Township Councilman Burnstein. ECF No. 1 ¶¶48-53.

14. Plaintiff then asserts, the Council President Kuhn interrupted her and thereafter declared her out of order. ECF No. 1 ¶¶53-54.

15. Again, Plaintiff concedes that Mr. McGuckin did nothing. ECF No. 1 ¶58.

16. Plaintiff's complaint continues with her comments on Ordinance 05-2025, wherein she concedes that no action was performed by Mr. McGuckin to limit her ability to speak. ECF No. 1 ¶¶59-66.

17. Finally, during the Public Comment period, Plaintiff alleges that she revisited her removal from the Township meeting a year earlier, and in response to which acknowledges that Council President Kuhn spoke to the public and requested the public be "respectful." ECF No. 1 ¶¶68-69.

18. Again, there is no factual allegation that Mr. McGuckin performed any affirmative act to limit her First Amendment Right.

DASTI, McGUCKIN, McNICHOLS, CONNORS, ANTHONY & BUCKLEY

COUNSELLORS AT LAW

506 HOOPER AVENUE
TOMS RIVER, N.J. 08753

19. Despite these concessions, the only cause of action that vaguely references Mr. McGuckin is contained within Count Two. Therein, Plaintiff asserts that Plaintiff was unlawfully removed from the Council meeting in violation of her First Amendment Rights, and as to Mr. McGuckin, that "[he] did not speak up to defend Plaintiff's free speech rights or prevent her removal because they disagreed with Plaintiff's point of view." ECF No. 1 ¶40.

20. The remaining counts are barren of any factual allegation of unlawful conduct by Mr. McGuckin.

## STANDARD OF REVIEW
## PURSUANT TO FED. R. CIV. PRO. 8(a)(2) and (12)(b)(6).

Pursuant to Federal Rules of Civil Procedure 8(a)(2), the Plaintiff must plead "a short plain statement of the claim showing that the pleader is entitled to relief, in order to "give the defendant fair notice for what the claim is and the grounds upon which it rests. Conley v. Gibson, 355 U.S. 41, 47 (1957); Fed. R. Civ. P 8(a)(2).

For a complaint to survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it must contain factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). In Twombly and its progeny, the United States Supreme Court established a three-step inquiry to determine if the pleading standard was sufficient to survive a 12(b)(6) motion. Bistrian v. Levi, 696 F.3d 352, 356 (3d Cir. 2012).

First, the court must "outline the elements a plaintiff must plead to state a claim for relief." Bistrian, supra, at 356. Second, the court "must peel away those allegations that are no

DASTI, McGUCKIN,
McNICHOLS, CONNORS,
ANTHONY & BUCKLEY

COUNSELLORS AT LAW

506 HOOPER AVENUE
TOMS RIVER, N.J. 08753

more than conclusions and thus not entitled to the assumption of truth." Id. Third, the court must "look for well-pled factual allegations, assuming their veracity, and then determine whether they plausibly give rise to an entitlement to relief." Id. This final step in the analysis is "a context specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. (internal citations and quotations omitted).

Pursuant to the Twombly/Iqbal progeny, a plaintiff must plead sufficient factual and specific conduct as to each individual defendant, and not paint all defendants with a broad brush, lumping them together for alleged conduct. Ranko v. Saudino, 15-8483, 2016 WL 1529835, at *2 (D.N.J. Apr. 15, 2016). "The complaint must allege sufficient factual matter to show that the claim is facially plausible" as to the specific defendant accused." Fowley v. UPMS Shady side, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Belmont v. MB Inv. Partners, Inc., 708 F.3d 470, 483 n. 17 (3d Cir. 2012) quoting Iqbal, supra, at 678. The plausibility question is "not whether the [the plaintiff] will ultimately prevail," but "whether [her] complaint [is] sufficient to cross the federal court's threshold." Skinner v. Switzer, 562 U.S. 521, 529-30 (2011). In answering this question, a Court is charged with accepting all well-pleaded factual allegations in the complaint, and must draw all reasonable inferences in favor of the non-moving party. Philips v. Cnty. Of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008).

**DASTI, McGUCKIN, McNICHOLS, CONNORS, ANTHONY & BUCKLEY**

COUNSELLORS AT LAW

506 HOOPER AVENUE
TOMS RIVER, N.J. 08753

## LEGAL ARGUMENT

### POINT I

### PLAINTIFF'S COMPLAINT CONCEDES THAT MR. McGUCKIN PERFORMED NO AFFIRMATIVE ACT TO VIOLATE PLAINTIFF'S FIRST AMENDMENT RIGHTS. (All Counts)

As set forth by the Plaintiff's Complaint, and within Count Two, Plaintiff concedes that Mr. McGuckin performed no affirmative act to violate Plaintiff's First Amendment Rights.

It is well settled within the Third Circuit an affirmative act by a public official is required to violate individual First Amendment Rights, and simply urging, influencing, or directing a third party to act is insufficient as a matter of law. See Phillips v. County of Allegheny, 515 F.3d. 224 (3d Cir. 2008) (Requiring an affirmative act to violate an individual's constitutional rights); Bright v. Westmoreland County, 443 F.3d. 276 (3d Cir. 2006) (Same); B.W. v. Career Tech. Ctr. Of Lackawanna Cty., 422 F.Supp. 3d 859 (M.D. Pa. 2019 (same); Bridges v. Scranton School District, 66 F.Supp. 3D 570 (M.D., Pa. 2014); R.C. Maxwell Co. v, Borough of New Hope, 735 F.2d 85 (3d Cir. 1984); McLaughlin v. Watson, 271 F.3d. 566 (3d Cir. 2001); Noonan v. Kane, 305 F.Supp. 3D 587 (E.D. Pa 2018); Zaloga v. Borough of Moosic, 841 F.3d. 170 (3dCir. 2016); Horizon Health Center v. Felicissimo, 263 N.J.Super. 200 (App. Div. 1993).

Zaloga, is particularly instructive on this matter, because there, it was alleged that an attorney had acted administratively to influence the Pennsylvania Attorney General's adverse employment-related actions against the Plaintiff for his First Amendment Protected activities. Id. at 176. The Court relying upon McLaughlin, held

> When a public official is sued for allegedly causing a third party to take some type of adverse action against plaintiff's speech, we have held that defendant's conduct *must be of a particularly virulent character*. It is not enough that defendant speaks critically of plaintiff or even that defendant directly urges or

DASTI, McGUCKIN,
McNICHOLS, CONNORS,
ANTHONY & BUCKLEY

COUNSELLORS AT LAW

506 HOOPER AVENUE
TOMS RIVER, N.J. 08753

6

influences the third party to take adverse action. Rather, *defendant must "threaten" or "coerce" the third party to act*.

[Id.; see also, McLaughlin, *supra* at 573]. Without such coercive and threatening conduct, liability cannot attach under the First Amendment.

At best, Plaintiff's Complaint can be perceived to assert that Mr. McGuckin, by doing nothing, implicitly condoned the removal of the Plaintiff. However, as explained above, an affirmative act is required to violate individual Constitutional Rights, and here it is conceded that Mr. McGuckin did nothing. That aside, assuming Plaintiff intended to assert in the alternative that Council President Kuhn was instructed by Mr. McGuckin to declare Plaintiff out of order and be removed from the meeting, liability would only attach if the action was of a particularly virulent character, meaning he threatened or coerced the third party to perform the retaliatory action. There are no facts asserted as to Mr. McGuckin that are pled, or that exist, to establish he threatened the Council President or coerced the Council President to remove Ms. Hannum.

Accordingly, because the Plaintiff concedes that Mr. McGuckin performed no affirmative act, and at most asserts that he told the Council President she could declare the Plaintiff out of Order, such actions fall short on their face of the kind that qualifies as sufficiently coercive to attach liability to under the First Amendment.

Plaintiff is aware of this well settled law and was importantly placed on notice by a letter to her Counsel, pursuant to Fed. R. Civ. Pro. 11, and when the Defendant first requested a pre-motion conference. Despite this fact, Plaintiff has refused to dismiss her frivolous complaint against Mr. McGuckin, but rather left it this Court to act in accordance with Fed. R. Civ. Pro 12(b)(6).

DASTI, McGUCKIN, McNICHOLS, CONNORS, ANTHONY & BUCKLEY

COUNSELLORS AT LAW

506 HOOPER AVENUE
TOMS RIVER, N.J. 08753

## POINT II

### PLAINTIFFS' COMPLAINT FAILS TO SET FORTH A SHORT PLAIN STATEMENT TO DEMONSTRATE A PLAUSIBLE BASIS FOR THEIR REQUESTED RELIEF AGAINST DEFENDANT GREGORY P. McGUCKIN, ESQ. (All Counts).

There are precious little facts in Plaintiffs' Complaint, which this Honorable Court could accept as true to establish a cognizable cause of action pursuant to Fed. R. Civ. P. 8 against Defendant, Gregory P. McGuckin.

At its most basic, to satisfy the pleading requirements of Fed. R. Civ. P. 8, a plaintiff need only assert "a short and plain statement of claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Accordingly, Rule 8 imposes "minimal burdens on the plaintiff at the pleading stage." Frazier v. Se. Pa. Transp. Auth., 785 F.2d 65, 67 (3d Cir. 1986), *abrogated on other grounds by* Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit, 507 U.S. (1993). Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Fundamentally, Rule 8 requires that a complaint provide fair notice of "what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp. supra at 555). The rule "ensure[s] that claims [are] not filtered for merit at the pleading stage, but [are] determined on their merits rather than through missteps in pleading." Garrett v. Wexford Health, 938 F.3d 69, 92 (3d Cir. 2019), cert. denied, 140 S. Ct. 1611 (2020).

Taken together, Rules 8(a) and 8(d)(1) 'underscore the emphasis on clarity and brevity by the Federal Pleading rules." In Re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996). "The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." Kamdem-Ouaffo v. Huczko, 810 F.App'x 82, 84 (3d Cir. 2020).

DASTI, McGUCKIN,
McNICHOLS, CONNORS,
ANTHONY & BUCKLEY

COUNSELLORS AT LAW

506 HOOPER AVENUE
TOMS RIVER, N.J. 08753

8

The "statement should be short because "unnecessary prolixity in pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select relevant material from a mass of verbiage." Id.

To satisfy the notice pleading rule, a complaint must make a showing sufficient to justify moving past the pleading stage. Philips, supra., at 234–235. The claim must have "facial plausibility," which means that the "plaintiff [must] plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, supra. at 678. Conclusory allegations of liability are insufficient. See id. at 678–79 ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). Rule 8 thus requires that the pleading "possess enough heft" to demonstrate an entitlement to relief. Twombly, 550 U.S. at 557.

In assessing whether a pleading satisfies Rule 8, there is no bright-line rule to be applied. The Court in Frazier stated "[i]nevitably, the sufficiency of a complaint must be determined on a case-by-case basis." Frazier, supra at 68. Put simply, "judging the sufficiency of a pleading is a context-dependent exercise." W. Penn Allegheny Health Sys., Inc. v. UPMC, 627 F.3d 85, 98 (3d Cir. 2010).

Here, the Complaint fails to assert any plain statement as to action performed by Mr. McGuckin in compliance with Rule 8. Rather, Plaintiff resorted to group pleadings the actions of all defendant to allege jointly they all violated the Plaintiff's First Amendment right without even attempting to articulate each individuals unlawful conduct, except conceding here, that Mr. McGuckin did nothing.

DASTI, McGUCKIN, McNICHOLS, CONNORS, ANTHONY & BUCKLEY

COUNSELLORS AT LAW

506 HOOPER AVENUE
TOMS RIVER, N.J. 08753

### POINT III

### 42 U.S.C. 1988 IS NOT PERMITTED AS A STAND ALONE CAUSE OF ACTION

Count Seven is demonstratively frivolous and must be dismissed. This count is a standalone cause of action for Attorney Fees pursuant to 42 U.S.C. §1988. However, it is well settled in by the U.S. Supreme Court, the Third Circuit and the District Court for the State of New Jersey that 42 U.S.C. §1988 does not offer a standalone cause of action and is to be read in *pari materia* with 42 U.S.C. §1983. *See* Moor v. Alameda County, 411 U.S. 693, 702 (1973) ("Rather, as is plain on the face of the statute, the section is intended to complement the various acts which do create federal causes of action for the violation of federal civil rights."); Latino Project, Inc. v. City o/Camden, 701 F.2d 262,264 (3rd Cir. 1983) (affirming dismissal of a claim for attorney's fees under 1988 and stating "[w]e conclude that a plaintiff who has not filed a civil complaint on the merits of a claim under one of the civil rights statutes enumerated in 42 U.S.C. § 1988 is not entitled to attorney's fees under section 1988, even though he may have obtained substantial relief in an administrative proceeding"); Mollo v. Passaic Valley Sewerage Comm 'rs, 2009 WL 5216976, at *7 (D.N.J. Dec. 30, 2009) (Section "1988 does not create a separate cause of action."); Russo v. Atlantic City, 2016 WL 1463845, at *9 (D.N.J. Apr.14, 2016) (explaining that a request for attorney's fees under the statute is not properly brought "as a separate claim or counterclaim"). And courts across the country-including in at least four other Circuits-are in agreement. *See, e.g.,* Brown v. General Motor Corp., 722 F.2d 1009, 1013 (2d Cir. 1983) ("Section 1988 does not create a separate action for attorney's fees."); Lynch v. City of Milwaukee, 747 F.2d423, 430 (7th Cir. 1984) (to qualify for a Section 1988 award, "there must have been a legal cause of action based on a guaranteed civil right and one party or the other must have prevailed"); *see also, e.g.,* Holt v. Baker, 710 F. App'x 422,424 (11th Cir. 2017) (explaining that Section 1988 outlines the law to be applied in civil rights proceedings but does not provide a separate cause of action); Villegas v. Galloway, 458 F. App'x 334, 338 (5th Cir. 2012) Singer v. Nevada ex rel. Dep 't of Transp., 2011 WL 1627117, at *1 n.2 (D. Nev. Apr.

**DASTI, McGUCKIN, McNICHOLS, CONNORS, ANTHONY & BUCKLEY**

COUNSELLORS AT LAW

506 HOOPER AVENUE
TOMS RIVER, N.J. 08753

10

27,2011) ("A request for attorney's fees is a remedy available to a prevailing party in a civil rights complaint, it is not a separate cause of action.").

Therefore, because it is well settled by the Supreme Court, this Circuit and this district that asserting an individual claim pursuant to 42 U.S.C. 1988 is not permissible, Count Seven is frivolous and must be dismissed.

## POINT IV

## DEFENDANT GREGORY McGUCKIN IS ENTITLED TO ATTORNEYS FEES AND COSTS OF SUIT.

The controlling case analyzing the fee shifting provision of 42 U.S.C. § 1988 is Fox v. Vice, 563 U.S. 826, 836 (2011). In Fox the U.S. Supreme Court examined Congress's intent to permit defendants the right to recover reasonable attorney's fees incurred because of a frivolous claim. Id.

The Court explained that § 1988 allows for the award of "a reasonable attorney's fee" to "the prevailing party" in certain civil rights cases, including a § 1983 and § 1981 suit. Id. at 829; see also 42 U.S.C § 1988(b). While most of this Court's § 1988 decisions have concerned fees to prevailing plaintiffs, § 1988 also authorizes a fee award to a prevailing defendant "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." Id. citing Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978). However, unlike most fee shifting cases, Fox was given the opportunity to determine if a defendant who is faced with both frivolous and non-frivolous claims may nevertheless recover fees for solely those that were frivolous. Fox, supra at 841. Answering this question, the Supreme Court held that a defendant may recover fees for frivolous claims even when the Defendant is charged with a non-frivolous allegation. Id. Thereby, permitting a court to piecemeal litigation, and award fees when a defendant is forced to litigate both frivolous and non-frivolous claims to offset costs and level

DASTI, McGUCKIN, McNICHOLS, CONNORS, ANTHONY & BUCKLEY

COUNSELLORS AT LAW

506 HOOPER AVENUE
TOMS RIVER, N.J. 08753

the playing field, provided the district court finds that Plaintiff's accusation was frivolous, unreasonable, or without foundation.

Here, as set forth above, in the Defendant's initial correspondence pursuant to Fed. R. Civ. Pro 11 to Plaintiff's counsel and to this Court in his request for a pre-motion conference. The threshold elemental requirement of a constitutional violation is an affirmative act. However, when a third party infringes upon an individual's First Amendment right, liability only attaches to the encouraging individual when, his conduct was sufficiently coercive and of a virulent and threatening nature that the third party was forced to act. Here, the Plaintiff has chosen to ignore the law, force Mr. McGuckin's disqualification from representing his client, and force Mr. McGuckin to unnecessarily incur counsel fees and costs of suit to defend himself from this frivolous litigation.

He did not expel the plaintiff.

He did not instruct the plaintiff she could not speak.

At best, plaintiff asserts that Mr. McGuckin instructed the Council president she could declare the Plaintiff out of order.

However, at no point did Mr. McGuckin ever instruct, or take action, to silence Plaintiff's alleged protected speech and therefore, due to her express concessions that he failed to do anything, Plaintiff's complaint as to Mr. McGuckin is frivolous and without factual basis. Therefore, while Defendants assert under <u>Fox v. Vice</u>, counsel fees and costs of suit should be awarded.

**DASTI, McGUCKIN, McNICHOLS, CONNORS, ANTHONY & BUCKLEY**

COUNSELLORS AT LAW

506 HOOPER AVENUE
TOMS RIVER, N.J. 08753

## CONCLUSION

For the aforementioned reasons, it is respectfully submitted that this Honorable Court dismiss Plaintiffs' complaint with prejudice as it applies to Defendant, Gregory P. McGuckin. Esq.

                              **DASTI, MCGUCKIN, McNICHOLS, CONNORS, ANTHONY & BUCKLEY**
                              Attorneys for Defendant,

Dated: June 13, 2025                 */s/ Patrick F. Varga*
                                            PATRICK F. VARGA, ESQ.