<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

**ELENOR HANNUM**,

            Plaintiff,

            v.

**JACKSON TOWNSHIP**, *et al.*,

            Defendants.

Civil Action No. 25-2987 (ZNQ) (TJB)

**OPINION**

<u>**QURAISHI, District Judge**</u>

      **THIS MATTER** comes before the Court upon a Motion to Dismiss (the "Motion," ECF No. 11) filed on June 13, 2025, by Defendant Jackson Township Attorney Gregory McGuckin ("Defendant"). Defendant filed a memorandum of law in support of his Motion. ("Moving Br.," ECF No. 11-1.) Plaintiff Elenor Hannum ("Plaintiff") filed an Opposition ("Opp.," ECF No. 13), to which Defendant replied ("Reply," ECF No. 14).

      The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will **GRANT-IN-PART** and **DENY-IN-PART** Defendant's Motion.

**I.**      <u>**BACKGROUND AND PROCEDURAL HISTORY**</u>

      On February 27, 2024, Jackson Township held a council meeting regarding the adoption of various resolutions and ordinances. ("Compl.," ECF No. 1 ¶¶ 10–11.) The council meeting provides for a public hearing where the public may address the town council regarding the

1

ordinances that have been proposed for adoption. (*Id.* ¶ 15.) Each member of the public is given five minutes to speak. (*Id.*)

One of the ordinances for consideration, Ordinance 06–24, was going to establish a new position of Director of Public Safety within Jackson Township. (*Id.* ¶ 12.) Sergeant John Rodriguez ("Sgt. Rodriguez") was given the first opportunity to speak during the public hearing section of the meeting related to Ordinance 06-24. (*Id.* ¶ 16.) After the five-minute mark, Sgt. Rodriguez was permitted to continue speaking and demanded more information about a wrongful death settlement unrelated to the ordinance. (*Id.* ¶ 21.) The Council President[1] directed Defendant, the Township attorney, to respond to Sgt. Rodriguez's question. (*Id.* ¶ 22.) Defendant stated that the unfavorable testimony of Police Chief Matthew Kunz ("Chief Kunz") led to the settlement. (*Id.*) Sgt. Rodriguez's remarks went about a minute over his allotted time. (*Id.* ¶ 20.)

Following Sgt. Rodriquez, Plaintiff was given an opportunity to speak. (*Id.* ¶ 24.) In her remarks, she stated that Ordinance 06-24 was being advanced as part of a political agenda to attack Chief Kunz. (*Id.* ¶ 25.) According to Plaintiff, the Mayor bore some animosity towards Chief Kunz because he refused to coverup an incident involving the Mayor's son. (*Id.* ¶ 26.) Plaintiff also asserted that the Council President had a financial conflict of interest and was therefore unfit to vote on ordinances related to the police. (*Id.* ¶ 27–28.) Plaintiff additionally stated that the Council President was in a romantic relationship with Jeff Henba ("Henba"), the Union President for the Police Benevolent Association, who had been advocating for the passage of Ordinance 06-24. (*Id.* ¶ 32.) This relationship, according to Plaintiff, created a conflict of interest that should have also precluded the Council President from voting on the ordinance. (*Id.*)

---

[1] The Council President, Jennifer Kuhn, is a defendant in this matter but has not joined in this Motion.

2

At that point, the Council President pushed her microphone away and purportedly asked Defendant what she could do. (*Id.* ¶ 33 n.1.) Defendant responded that the Council President could "declare her out of order," at which point the Council President declared Plaintiff out of order and had her removed from the meeting. (*Id* ¶¶ 33, 43.)

Henba was given the next opportunity to address the town council. (*Id.* ¶ 44.) He started his remarks by stating that he would "like to address a few residents in town who spewed lies on social pages these last few weeks . . . ." (*Id.* ¶ 45.) Although not related to the ordinance, Henba was able to discuss the "lies" for approximately twenty seconds. (*Id.* ¶ 46.) None of the statements made by Henba related to the ordinance and he was not interrupted at any point. (*Id.* ¶ 47.)

A year later, on February 27, 2025, Plaintiff again made remarks at another Jackson Township public hearing, this time concerning a different ordinance that proposed lowering property maintenance fines. (*Id.* ¶¶ 49–50.) Her remarks concerned an alleged conflict of interest for Councilman Mordechai Burnstein ("Burnstein"). (*Id.* ¶ 51.) Burnstein ultimately interrupted Plaintiff, and Defendant did not stop or otherwise intervene to prevent him from speaking over her. (*Id.* ¶¶ 52–53.) Plaintiff then began to express her concern that reducing property maintenance fines would result in applicants failing to conduct proper site visits and care for the property in an appropriate manner. (*Id.* ¶ 54.) At that point, the Council President interrupted Plaintiff, stating that the "hearing is about an ordinance, not applications," and declared Plaintiff out of order. (*Id.*) Again, Defendant did not intervene. (*Id.* ¶ 58.)

Later at that same hearing, Plaintiff once again made public remarks concerning a land use ordinance. (*Id.* ¶ 59.) This time, Plaintiff asked the Township Council why the ordinance was being changed and who it was being changed for. (*Id.* ¶ 61.) The Council President responded that Plaintiff had three minutes to speak and that the council was not going to answer Plaintiff's

3

questions.  (*Id.* ¶ 64.)  Plaintiff then stated that she found it "quite interesting" that the land use ordinance at issue had been changed twelve times since the Council President had taken her position.  (*Id.* ¶ 65.)

Later in the hearing, during an "Any Topic" period, Plaintiff made additional remarks concerning the ordinances and brought up her removal from the Town Council meeting a year earlier.  (*Id.* ¶¶ 67–68.)  The Council President also addressed the public, stating that "attacks on council and anyone up on the dais is not going to be accepted" and that anyone who makes such remarks will be declared out of order.  (*Id.* ¶ 70.)

Plaintiff now brings seven causes of action: (1) violation of the First Amendment (Count I and II); violation of Article I, Paragraph 6 of the New Jersey Constitution (Count III); violation of the Fourteenth Amendment (Count IV); violation of Article I, Paragraph 1 of the New Jersey Constitution (Count V); violation of the New Jersey Civil Rights Act (Count VI); and Attorney's Fees under 42 U.S.C. § 1988(b) (Count VII).

## II.     SUBJECT MATTER JURISDICTION

The Court has jurisdiction over the federal-law claims pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367.

### III.    DISCUSSION [2]

In his Motion, Defendant makes four points: (1) Plaintiff does not allege the requisite facts to hold Defendant liable for violating the First Amendment; (2) Plaintiff's complaint does not comply with the pleading requirements of Rule 8; (3) Plaintiff's seventh cause of action for attorney's fees pursuant to 42 U.S.C. § 1988 cannot be brought as a standalone claim; and (4) Defendant is entitled to attorney's fees pursuant to 42 U.S.C. § 1988.  The Court will address each of these arguments below.

#### A.    Rule 12(b)(6)

A district court may grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  When considering a motion under 12(b)(6), the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).  Moreover, the court must accept as true all the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff."  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  The court, however, may ignore legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678

---

[2] The Complaint does not clarify whether Defendant is being sued in his individual or official capacity. Although Plaintiff's Opposition states that Defendant is being sued in his official capacity (Opp. at 17), it is well-established that a plaintiff may not amend her complaint in a brief filed in opposition to a motion to dismiss. *See Com. of Pa. ex rel. Zimmerman v. PepsiCo., Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). Nevertheless, to the extent Plaintiff's claims against Defendant are in his official capacity, the Court finds those claims to be duplicative of the suit against Jackson Township. As such, those claims will be dismissed as redundant. *See Cuvo v. De Biasi*, 169 F. App'x 688, 693 (3d. Cir. 2006) (affirming dismissal of claims brought against township officers in their official capacity because they were redundant of the claims brought against the township); *Matos v. Laielli*, Civ. No. 15-8140, 2016 WL 6275161, at *2 n.1 (D.N.J. Oct. 26, 2016) ("Insofar as any claims have been asserted against [the defendant] in his official capacity, they are dismissed as duplicative of the claims against the County."); *Janowski v. City of N. Wildwood*, 259 F. Supp. 3d 113, 131–32 (D.N.J. 2017) ("[W]here claims against an officer in his official capacity are duplicative of claims against the municipality, those claims are properly dismissed as redundant.").

(2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 663).

    1.    <u>First Amendment Claims (Counts I and II)</u> [3]

Plaintiff's First Amendment claims are brought in Counts I and II, which allege that § 3-12 of the Jackson Township Administrative Code is unconstitutional on its face and as applied to Plaintiff.

"A facial attack tests a law's constitutionality based on its text alone and does not consider the facts or circumstances of a particular case." *United States v. Marcavage*, 609 F. 3d 264, 273 (3d Cir. 2010). "An as-applied attack, in contrast, does not contend that a law is unconstitutional as written but that its application to a particular person under particular circumstances deprived that person of a constitutional right." *Id.*

With respect to Plaintiff's facial challenge to § 3-12, that claim is not properly brought against Defendant. "A plaintiff challenging the validity of a state statute may bring suit against the official who is charged with the statute's enforcement only if the official has either enforced, or threatened to enforce, the statute against the plaintiffs." *1st Westco Corp. v. School. Dist. of Phila.*, 6 F.3d 108, 113 (3d Cir. 1993). Here, the ordinance provides as follows:

> Any person who shall disturb the peace of the Council, make abusive or slanderous remarks, or conduct himself or herself in an

---

[3] In his Motion, Defendant argues that he did not engage in any affirmative acts that violated Plaintiff's First Amendment rights. (Moving Br. at 6.) He then summarily asserts that this argument applies to all of Plaintiff's causes of action, without substantively addressing Plaintiff's claims under the New Jersey Constitution (Counts III and V), the New Jersey Civil Rights Act (Count VI), or the Due Process Clause of the Fourteenth Amendment (Count IV). (*Id.*) Because Defendant's Motion substantively addresses only Plaintiff's First Amendment claims (Counts I and II)—and fails to meaningfully argue for dismissal of Plaintiff's remaining claims (other than Count VII) under Rule 12(b)(6)—the Court declines to address those remaining claims under Rule 12(b)(6).

> uncivil, disruptive or threatening manner during a Township Council meeting shall be asked by the *presiding officer* to submit to proper order. If the person continues the manner of behavior and/or speech delineated above, the *presiding officer* may ask said person to either submit to proper order or voluntarily leave the proceedings. If the person still continues the manner of disruptive behavior or speech during the course of the meeting, the *presiding officer* may ask that the person be removed from the Township Council meeting by a sworn officer of the Township Police Department.

Township of Jackson, Administrative Code § 3-12(b) (emphases added). The ordinance therefore charges the "presiding officer" with determining whether a person needs to submit to proper order when making public remarks at the Council meeting. This interpretation is further supported by the allegations in the Complaint, which state that it was the Council President who declared Plaintiff out of order. (Compl. ¶¶ 33, 58.) Given that Defendant is not charged with the enforcement of § 3-12, and the allegations in the Complaint make clear he was not the individual who declared Plaintiff out of order, Plaintiff's claim (Count I) that facially attacks the constitutionality of § 3-12 will be dismissed as to Defendant. *See 1st Westco Corp.*, 6 F.3d at 116.

Plaintiff's as-applied challenge to § 3-12 against Defendant fares no better. In the First Amendment context, a council meeting may be a limited public forum, at which "content-based restraints are permitted, so long as they are designed to confine the forum to the limited and legitimate purposes for which it was created." *Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 280 (3d Cir. 2009). However, "viewpoint discrimination is impermissible in any forum." *Ctr. For Investigative Reporting v. Se. Pa. Transp. Auth.*, 975 F.3d 300, 313 (3d Cir. 2020).

As alleged, Plaintiff was prevented from speaking about a topic which the Council President disagreed with or found to be offensive, while at the same time other individuals were permitted to make comments that were favorable or agreeable, even if those comments were made beyond the allotted the time. (Compl. ¶¶ 20–23, 28–33.) While this may constitute viewpoint discrimination, the Complaint contains no plausible allegations that would subject Defendant to

7

liability for such discrimination. As alleged, the Defendant only stated, ". . . you could declare her out of order, but I don't . . .," at which point the Council President declared Plaintiff out of order and had her removed from the proceeding. (*Id.* ¶ 33 n.1.) The remaining allegations concern Defendant's silence or inaction in preventing the Council President from allegedly violating Plaintiff's rights. (*Id.* ¶¶ 41, 58.) At no point, however, did Defendant personally take any action against Plaintiff. As the Township Attorney, he lacked the authority to declare Plaintiff out of order and there are no allegations that he ordered, let alone suggested, that Plaintiff be removed from the hearing. At most, Defendant responded to a question from the Council President, but such a limited and incomplete statement is insufficient to plausibly plead that Defendant is liable for violating Plaintiff's first amendment rights. *See Miller v. Goggin*, 672 F. Supp. 3d 14, 42 (E.D. Pa. 2023) (dismissing first amendment claim where the plaintiff failed to allege facts showing that the defendants used a town ordinance to prevent the plaintiff from speaking). Accordingly, Plaintiff's First Amendment claims (Count I and II) will be dismissed against Defendant.

  2. <u>42 U.S.C. § 1988</u>

42 U.S.C. § 1988 allows a prevailing party in a § 1983 case to obtain reasonable attorney's fees. It is well established, however, that § 1988 is not a standalone cause of action. *See Latino Project, Inc. v. City of Camden*, 701 F.2d 262, 265 n.2 (3d Cir. 1983) ("[T]he section is intended to complement the various acts which do create federal causes of action for the violation of federal civil rights."); *Mollo v. Passaic Valley Sewerage Com'rs*, Civ. No. 07-1655, 2009 WL 5216976, at *7 (D.N.J. Dec. 30, 2009) (holding that § 1988 does not create a separate cause of action). To the extent Plaintiff prevails on her federal civil rights claims, she may file a motion for attorney's fees under 42 U.S.C. § 1988 at that time. Accordingly, Plaintiff's separate cause of action under 42 U.S.C. § 1988 (Count VII) will be dismissed with prejudice but without prejudice to her right to renew her request by motion at a later time should she prevail in this litigation.

### B.  Rule 8

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Each averment must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Taken together, Rules 8(a) and 8(d)(1) "underscore the emphasis placed on clarity and brevity by the federal pleading rules." *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996) (citation omitted). "The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Kamdem-Ouaffo v. Huczko*, 810 F. App'x 82, 84 (3d Cir. 2020) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)). The "statement should be short because '[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.'" *Id.* (quoting *Salahuddin*, 861 F.2d at 42) (alteration in original). A complaint may permissibly be dismissed based on Rule 8 noncompliance. *Salahuddin*, 861 F.2d at 42. Whether the "short and plain statement" requirement is satisfied is a "context-dependent exercise." *West Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 98 (3d Cir. 2010). "Violations of the short and plain statement rule have included complaints that were too long, repetitious, or confused." *Parker v. Learn the Skills Corp.*, No. 03-6936, 2004 WL 2384993, at *1 (E.D. Pa. Oct. 25, 2004).

Here, Defendant contends that "the Complaint fails to assert any plain statement as to action performed by [Defendant] in compliance with Rule 8" and improperly relies on group pleading. (Moving Br. at 9.) These arguments lack merit. As discussed earlier in this Opinion,

9

the Complaint satisfies the pleading requirement of Rule 8 by alleging that Defendant, through both his actions and inactions, violated Plaintiff's constitutional and civil rights. The Complaint clearly identifies Defendant's role, specifies when he acted or failed to act, and provides the context surrounding those actions and inactions. Moreover, the Complaint is neither excessively long nor so confusing, ambiguous, or unintelligible as to deprive Defendant of fair notice of the claims asserted against him. Accordingly, the Court finds that the Complaint satisfies the pleading requirements of Rule 8.

### C.    Defendant's Attorney's Fees

Defendant also seeks his own attorney's fees pursuant 42 U.S.C. § 1988, which "authorizes a district court to award attorney's fees to a defendant upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Fox v. Vice*, 563 U.S. 826, 834 (2011). "Attorney's fees for prevailing defendants under this standard are 'not routine, but are to be only sparingly awarded.'" *Raab v. City of Ocean City, New Jersey*, 833 F.3d 286, 297 (3d Cir. 2016). A threshold requirement, however, is that the defendant be a prevailing party. *See Barnes Foundation v. Township of Lower Merion*, 242 F.3d 151, 158 (3d Cir. 2001). Insofar as Plaintiff's First Amendment claims will be dismissed without prejudice, and the Court has not yet resolved Plaintiff's claims under the New Jersey constitution, New Jersey Civil Rights Act, and Fourteenth Amendment, Defendant is not presently a prevailing party. Accordingly, Defendant's motion for attorney's fees is denied as premature. This determination is without prejudice to Defendant's right to renew his application at a later time should he prevail in this litigation.

IV. **CONCLUSION**

For the reasons stated above, the Court will **GRANT-IN-PART** and **DENY-IN-PART** Defendant's Motion.  An appropriate Order will follow.


Date: January 29, 2026

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**
